Samuel R. PIERCE, Jr., Secretary of Housing and Urban Development, Plaintiff,

v.

Charlie DEW, Defendant.

Civ. A. No. 85–1359–Y.

United States District Court, D. Massachusetts.

Jan. 27, 1986.

Karen F. Green, Martha B. Sosman, Asst. U.S. Attys., Boston, Mass., for plaintiff.

Daniel S. Manning, Greater Boston Legal Service, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

This is an eviction case in which the Secretary of the United States Department of Housing and Urban Development ("the Secretary") is seeking to evict the defendant Charlie Dew from an apartment owned by the Department because of her non-payment of rent. Dew brought several counterclaims, including a claim under Mass. Gen.Laws ch. 93A alleging that the Secretary permitted substantial violations of the State Sanitary Code to exist in the apartment occupied by Dew. The Secretary has moved to dismiss the counterclaim under Chapter 93A on the ground that the Secretary is not a "person" within the meaning of the statute. For the reasons that follow, the motion is denied.

Section 9(1) of Chapter 93A provides in pertinent part:

> *Any person* ... who has been injured by *another person's* use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder ... may bring an action....

Mass.Gen.Laws ch. 93A, § 9(1) (emphasis added).

Section 1(a) of Chapter 93A defines the term "person" as used in § 9(1) to include:

> ... natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and *any other legal entity.*

Mass.Gen.Laws ch. 93A, § 1(a) (emphasis added).

Neither the Massachusetts Supreme Judicial Court nor the Appeals Court have directly addressed the question whether a public body is a proper defendant within the meaning of Chapter 93A.[1] In such circumstances, it is appropriate to look to the decisions of the Massachusetts Superior Court, "the great trial court of the Commonwealth,"[2] as declarative of Massachusetts law. *See Local Div. 589 v. Commonwealth,* 666 F.2d 618, 626 n. 21, 645 (1st Cir.1981), *cert. denied,* 457 U.S. 1117, 102 S.Ct. 2928, 73 L.Ed.2d 1329 (1982); *Flotech, Inc. v. E.I. DuPont de Nemours Co.,* 627 F.Supp. 358, —— (D.Mass.1985). As to the present issue, however, it appears that the Justices of the Superior Court do not agree, as two Justices of that court have reached different conclusions. In *Keane, Inc. v. Boston Water and Sewer Comm'n,* No. 50133 (Suffolk Superior Court, December 16, 1981) (Meyer, J.), the court held that the phrase "any other legal entity" included a statutorily created public water company. In contrast, the court in *The Quincy Corp. v. Massachusetts Bay Transportation Authority,* No. 39881 (Suffolk Superior Court, December 18, 1984) (Flannery, J.), held that the Massachusetts Bay Transportation Authority was not a "person" within the meaning of Chapter 93A.[3]

This Court follows the *Keane* precedent, at least as it applies to the specific facts of this case. Although Chapter 93A does not by its terms specifically apply to public agencies, there is nothing in the statutory

---

1. In *Spence v. Boston Edison Co.,* 390 Mass. 604, 459 N.E.2d 80 (1983), the Supreme Judicial Court permitted the Boston Housing Authority to bring an action under Chapter 93A. This holding implicitly construes "person" to include government agencies, since the class of Chapter 93A plaintiffs, as well as defendants, is limited to "persons."

2. *See Irwin v. Commissioner of the Department of Youth Services,* 388 Mass. 810, 815, 448 N.E.2d 721 (1983) (Lynch, J.); *Pinnick v. Cleary,* 360 Mass. 1, 41 n. 3, 271 N.E.2d 592 (1971) (Tauro, C.J. concurring); *McArthur Bros. v.* *Commonwealth,* 197 Mass. 137, 139, 83 N.E. 334 (1908) (Rugg, C.J.).

3. The court in *The Quincy Corp.* did not refer to the *Keane* decision and presumably acted without knowledge of that prior opinion. This is a regrettable consequence of the failure to publish Massachusetts Superior Court opinions—a failure which deprives the courts, the bar, and the public of important legal developments frequently addressed two to three years before the same issues find their way into Massachusetts appellate decisions.

language to suggest any legislative intent to exclude such entities from the ambit of the statute. On its face, the phrase "any other legal entity" appears sufficiently broad to include a government agency.[4] *See Keane* at 3 (the phrase "any other legal entity," as used in the Massachusetts Workmen's Compensation Act, Mass.Gen. Laws ch. 152, § 1(7), includes public agencies). This reading is consistent with the declaration of the Supreme Judicial Court that Chapter 93A is a "statute of broad impact," which forms a "comprehensive substantive and procedural business and consumer protection package." *Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 693, 322 N.E.2d 768 (1975)

The Supreme Judicial Court has emphasized that Chapter 93A has special force in the landlord-tenant arena:

> [T]enants are among those for whose benefit the Consumer Protection Act was passed ... and we have traditionally been zealous in protecting tenants who have shown that their landlords, for whatever reason, fail to fulfill the obligations imposed upon them by statute and decisional law.

*Leardi v. Brown*, 394 Mass. 151, 159, 474 N.E.2d 1094 (1985) (citations omitted); *see York v. Sullivan*, 369 Mass. 157, 338 N.E.2d 341 (1975). Moreover, the regulations governing landlords and tenants under Chapter 93A, 940 C.M.R. 3.17, expressly incorporate the Massachusetts State Sanitary Code, which in turn applies to "governmental unit[s] owning property." 105 C.M.R. 410.037. *See Purity Supreme, Inc. v. Attorney General*, 380 Mass. 762, 775, 407 N.E.2d 297 (1980) (rules and regulations promulgated by the Attorney Gen-

eral defining prohibited conduct under Chapter 93A have the force of law).

In light of the strong legislative policy to provide aggrieved tenants with a remedy under Chapter 93A, this Court rules that the Secretary, in his capacity as a landlord, is a "person" subject to suit under the statute. Thus, the Secretary's motion to dismiss Dew's counterclaim under Chapter 93A is DENIED.

SO ORDERED.

---

4. The result in *The Quincy Corp.* rested on the court's conclusion that the "unfair" or "deceptive" practices prohibited by Chapter 93A require a wrongful state of mind on the part of the defendant. The court questioned whether a public agency "can ever realistically be said to have a state of mind," and further concluded that "it is implausible to impute to a public body an anti-social or wrongful intention." *The Quincy Corp. v. Massachusetts Bay Transportation Authority*, No. 39881 at 5 (Suffolk Superior Court, December 18, 1984). Although that reasoning may be sound in some circumstances, its

force is limited when applied to this case, where Dew's Chapter 93A claim is based on actual damages only and does not seek multiple damages based on a willful or knowing violation of the statute. Defendant's Memorandum in Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaim at 4. *See Burnham v. Mark IV Homes, Inc.*, 387 Mass. 575, 582–83, 441 N.E.2d 1027 (1982) (defendant liable for actual damages under Mass.Gen.Laws ch. 93A, § 9 even in absence of willful or knowing violation of the statute or bad faith).