**Robert ROY, Plaintiff,**

v.

**BOLENS CORPORATION, FMC Corporation, Defendants.**

**Civ. A. No. 83–0467–Y.**

United States District Court,
D. Massachusetts.

March 5, 1986.

Harvey Weiner, Peabody & Arnold, Boston, Mass., for plaintiff.

Regina Roman, Peter Puciloski, Boston, Mass., Sugarman, Rogers, Barshak, Cohen, P.C., for defendants.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

This case is before the Court on a motion for summary judgment filed by the defendant Bolens Corporation. The plaintiff, Robert Roy ("Roy"), a resident of Teaticket, Massachusetts, alleges that he sus- tained injuries while operating a Bolens snowthrower on December 7, 1981. Basing jurisdiction on diversity of citizenship, Roy brought suit upon claims of negligence and breach of warranty under Massachusetts law based on the theory that Bolens Corporation is the successor to the actual tortfeasor, FMC Corporation ("FMC").

## I.

The Court's standard of review of a motion for summary judgment is well established. In determining whether summary judgment is appropriate, the Court must look at the record before it in the light most favorable to the party opposing the motion and indulging in all inferences favorable to this party. *Emery v. Merrimack Valley Wood Products, Inc.*, 701 F.2d 985, 986 (1st Cir.1983). The favorable inferences generally afforded parties opposing summary judgment must be reasonable, however, and based on factual elements, not on conjecture. *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975). The bare hope that additional discovery will provide the factual support that past discovery has failed to muster is insufficient to thrust aside a well grounded motion for summary judgment. *See Over the Road Drivers, Inc. v. Transport Insurance Co.*, 637 F.2d 816, 820 (1st Cir.1980). In the present case, the following facts emerge without substantial controversy.

On December 7, 1981, Robert Roy was injured while allegedly operating a Bolens Model 72601 snowthrower. The snowthrower was designed, manufactured, and sold by the outdoor power equipment division of co-defendant FMC, namely, the Bolens Division. FMC is a Delaware corporation with its principal place of business in Chicago, Illinois. Its Bolens Division was located in Port Washington, Wisconsin.

Bolens Corporation, the defendant in this action, was incorporated in the State of Wisconsin on February 16, 1982. Approximately one month later, Bolens Corporation purchased FMC's Bolens Division from FMC. Pursuant to that sale, FMC sold to Bolens Corporation all assets and proper-

ties relating to its Bolens outdoor power equipment division, with but two exceptions which are detailed in the Bill of Sale.

Bolens Corporation continues to manufacture and market outdoor power equipment in Port Washington, Wisconsin. Dudley Ramaker, who designed and developed the Bolens Model 72601 snowthrower for FMC, is currently employed by the Bolens Corporation. FMC continues to exist as a manufacturing company.

## II.

■ The present motion for summary judgment squarely raises the issue of corporate successor liability. Under traditional principles of corporate law, a corporate successor does not assume the liabilities of its predecessor upon purchasing the latter's assets unless (1) the purchasing corporation expressly or impliedly agrees to assume liability; (2) the transaction amounts to a consolidation or merger; (3) the transaction was fraudulent and intended to escape liability; or (4) the purchasing corporation is a mere continuation of the selling corporation. *See* 15 W. Fletcher, *Cyclopedia of the Law of Private Corporation,* § 7122–7123 (1973). These principles apply to products liability actions. *See e.g. Leannais v. Cincinnati, Inc.,* 565 F.2d 437 (7th Cir.1977).

■ Here Roy argues that Bolens Corporation's liability is based upon facts which place it within the "mere continuation" exception to the general rule of non-liability of asset purchasing corporate successors. The traditional indications of "continuation" are: common officers, directors, and stockholders; and only one corporation in existence after the completion of the sale of assets. 15 W. Fletcher, *Cyclopedia of the Law of Private Corporation,* § 7123, n. 18.10 (1985).[1] Under general principles, therefore, the undisputed fact that FMC here continues in existence, ostensibly capable of satisfying a

products liability judgment, precludes the imposition of successor liability on Bolens Corporation. *But see Tift v. Forage King Industries, Inc.,* 322 N.W.2d 14, 15–17 (Wisc.1982) (mere continuation exception applied to successor of sole proprietorship.)

■ In this diversity action, Massachusetts law supplies the rule of decision. As neither the Massachusetts Supreme Judicial Court nor the Appeals Court have directly addressed the question of successor liability, it is appropriate to look to the decisions of the Massachusetts Superior Court, "the great trial court of the Commonwealth," as declarative of Massachusetts law. *See Local Div. 589 v. Commonwealth,* 666 F.2d 618, 626 n. 21, 645 (1st Cir.1981), *cert. denied,* 457 U.S. 1117, 102 S.Ct. 2928, 73 L.Ed.2d 1329 (1982); *Pierce v. Dew,* 626 F.Supp. 386, 387 (D.Mass.1986); *Flotech, Inc. v. E.I. DuPont de NeMours Co.,* 627 F.Supp. 358, 361 (D.Mass.1985).

■ In *Perez v. Amsted Industries, Incorporated,* No. 57728 (Suffolk [Mass.] Superior Court, April 20, 1984, slip op. at 12–14), a justice of the Massachusetts Superior Court held that a successor corporation which purchases assets only could not be liable on a negligence claim under Massachusetts law, but that successor liability would be imposed on a 'product line' theory upon a breach of warranty claim if the criteria to support that theory were found to be present. First expressed in *Ray v. Alad Corporation,* 19 Cal.3d 22, 136 Cal. Rptr. 574, 560 P.2d 3 (1977), the 'product line' analysis does not extend one of the four traditional exceptions but is a completely new exception to the general rule of nonliability, premised on the belief that a corporation which acquires a manufacturing business and continues the output of its line of products, thereby benefiting from the reputation and goodwill of its predecessor, ought assume liability as matter of law for defects in units of the same product line previously manufactured and distribut-

---

1. Other applicable factors to be considered are physical location, key personnel, exchange of stock, and continuation of general business operation. *Araserv v. Bay State Harness Horse*

*Racing and Breeding Association, Inc.,* 437 F.Supp. 1083, 1090 (D.Mass.1977); *Turner v. Bituminous Casualty Company,* 397 Mich. 406, 430, 244 N.W.2d 873 (1976).

ed by that predecessor. Since the justification for imposing strict liability upon a successor corporation is said to rest upon "the virtual destruction of the plaintiff's remedies against the original manufacturer by the successor's acquisition of the business," *Perez*, slip op. at 8, it would seem to follow that where, as here, the predecessor corporation is alive and well and able to respond in damages, no successor liability at all ought be imposed.

In *Palmer v. Robertshaw Controls Co., Inc.*, No. 131475 (Norfolk [Mass.] Superior Court, December 8, 1983, slip op. at 2–4), a justice of the Massachusetts Superior Court, in denying a motion for summary judgment brought by a successor corporation on the ground that Massachusetts did not recognize successor liability, cited *Cyr v. B. Offen & Co., Inc.*, 501 F.2d 1145 (1st Cir.1974) as persuasive authority.

In *Cyr*, applying the law of New Hampshire, the Court noted that one justification for holding a manufacturer liable in a products liability claim is that the manufacturer is better able to protect itself and bear the costs while the consumer is helpless. The theory of successor liability rests logically then on the assumption that the actual manufacturer is no longer in existence, leaving the consumer no avenue of recovery but the successor corporation. Indeed, the Court in *Cyr* also noted that a claim of continuity is "easily negatived" by the continuance of the seller corporation after the sale. 501 F.2d at 1152, n. 13.

██ As these decisions demonstrate, whatever the reach of successor liability under the law of Massachusetts, the doctrine has no applicability where, as here, the original manufacturer remains in existence to respond in tort for its alleged negligence and breach of warranty.[2]

---

2. There may, of course, be some duty on a successor corporation to warn of defects in a predecessor's product where there is an on-going relationship, such as a service contract, between the successor and the item in question. This is the gravamen of the jury instructions

In the absence of any genuine issue of material fact, the Court rules that Bolens Corporation is entitled to summary judgment as matter of law.

SO ORDERED.

given by the court in *Baczynski v. Harris*, No. 80–0027–F (D.Mass., jury instructions on July 12, 1984) (explaining Massachusetts law). This aspect of successor liability has not, however, been argued to apply to this case.