McCann, J.
INTRODUCTION
For the plaintiff — Christopher M. Uhl, Esq.
For the defendant — Salvatore M. Giorlandino, Assistant Attorney General.
BACKGROUND
The plaintiffs complaint is in four counts, (I) violation of G.L.c. 258; (II) breach of contract; (III) warranty of merchantability; and (IV) misrepresentation. The plaintiff seeks to recover the $50,000 cash prize of the Massachusetts Lottery Commission “Set for Life” ticket.
The defendant filed an answer of general denial and the following nine affirmative defenses: (1) improper service; (2) noncompliance with Mass.R.Civ.P. 41(b)(2); (3) lack of subject matter jurisdiction; (4) Massachusetts Courts Claim Act; (5) presentment requirements; (6) discretionary function; (7) contract claims barred; (8) sovereign immunity; and (9) Massachusetts Torts Claim Act.
The plaintiff, Nellie Daniel (Daniel) filed a Motion for Summary Judgment against the defendant Massachusetts State Lottery Commission (Commission). The Commission filed a Cross Motion for Summary Judgment.
FACTUAL BACKGROUND
Under G.L.c. 10, §§23, 24, 26 and 35 the Commission is part of the Massachusetts Treasury Department consisting of the State Treasurer, the Secretary of Public Safety and the State Controller and persons appointed by the Governor. Its purpose is to conduct a state lottery and establish a fund consisting of all of the revenues received from the lottery tickets in order to provide local property tax relief.
*105 The State Treasurer is the Commission’s chairman who is empowered to appoint a director subject to the approval of the Governor. The lotteiy director (director) is responsible for administering the operation of the lottery in accordance with state law and rules and regulations.
The Massachusetts Administrative Procedure Act, G.L.c. 30A, governs the resolution of lottery prize disputes. Regulations governing lottery prize disputes are set forth in 961 CMR 2.38 and subsection (1) provides that all lottery cash prizes must be claimed through a sales agent or duly authorized claim center or through the Commission Office. If the claim is denied, the director shall properly notify the claimant and the claimant, if aggrieved, shall have a right pursuant to G.L.c. 30A to appeal the decision to the Commission. Subsection (5) provides the appeal must be in writing and made within thirty days of giving notice of the lotteiy director’s determination.
In August of 2001, Daniel purchased a $3.00 “Set for Life” scratch lottery ticket issued by an authorized agent of the Commission. Daniel scratched her ticket and discovered what appeared to indicate that she was the instant winner of a $50,000 cash prize. An instant prize winner is determined if the ticket bearer matches any of “your numbers” to any of the “winning numbers” and the player is then entitled to claim the prize shown for that matched number. The three numbers on the plaintiffs winning ticket designated as “your numbers” were 7, 14 and 3. One of the ten “winning numbers” on Daniel’s winning ticket was 3. The cash prize listed under the number 3 “winning number” is $50,000. Daniel mailed her winning ticket to the Commission to claim her $50,000 cash prize. The Commission notified Daniel the ticket was not a winner. The Commission determined the ticket was defective and therefore void.
The Commission issued Daniel a nonwinning $3.00 replacement ticket. The “Set for Life” lottery game is governed by the Commission’s administrative bulletin No. 159. That bulletin provides the rules and regulations for the “Set for Life” instant ticket game and provides in pertinent past that in the event a dispute between the Commission and the ticket bearer occurs as to whether the ticket is a winning ticket, and if the ticket prize is not paid, the director may solely at his option replace the disputed ticket with an unplayed ticket. This shall be the sole and exclusive remedy of the bearer of the ticket.
That same administrative bulletin 159 further provides that in purchasing a ticket, the customer agrees to comply with and abide by the state law, all rules and regulations and final decisions of the Commission and all procedures established by the director for the conduct of the game.
On August 10, 2001, December 27, 2001 and January 15, 2002, the director denied Daniel’s claim because she was not entitled to the prize.
On January 15, 2002, the director offered to schedule a hearing before the Commission on Daniel’s claim. Daniel refused, failed or neglected to schedule a hearing before the Commission and instead on April 5, 2002 filed this present action against the Commission.
After filing suit on April 5, Daniel served the Commission but did not serve the Attorney General. The Commission requested that Daniel voluntarily dismiss the suit for various and sundry reasons including failure to serve the Attorney General within the ninety-day deadline. She refused to voluntarily dismiss her complaint and filed a Motion to Extend Time for Service. That motion was opposed. The court, Donohue, J., allowed the Motion to Extend Time for Service and the Commission in this present Motion for Summary Judgment suggests that counsel for Daniel did not comply with Rule 9Aby filing the Commission’s Opposition and Cross Motion to Dismiss with the Motion to Extend Time for Service.
DISCUSSION
I. Lack of Subject Matter Jurisdiction
A party claiming error on the part of an administrative body must generally exhaust her administrative remedies before resorting to the courts. Wilczewski v. Commissioner of the Department of Environmental Quality Engineering, 404 Mass. 787 (1989); Balcam v. Town of Hingham 41 Mass.App.Ct. 260 (1996); McKenney v. Commission on Judicial Conduct, 380 Mass. 263 (1980).
This requirement of exhaustion of administrative remedies prior to seeking judicial relief, reflects a sound principle of law and jurisprudence aimed at preserving the integrity of both administrative and judicial processes. A party’s failure to exhaust her administrative remedies constitutes a waiver of her judicial remedies. Balcam v. Town of Hingham supra.
Daniel failed to exhaust her administrative remedies with the Commission. She was entitled to a hearing before the Commission to contest the director’s decision denying her a lottery prize. As a matter of law G.L.c. 30A and the Commission’s regulations govern the resolution of lotteiy prize disputes and they required Daniel to proceed to a hearing before the Commission. Bretton v. State Lottery Commission, 41 Mass.App.Ct. 736 (1996). Failure to prevail in a hearing before the Commission allows Daniel to seek judicial review of the Superior Court pursuant to G.L.c. 30A, §14(7) within thirty days of the Commission’s final decision. Daniel never followed up on the director’s January 15, 2002 invitation which was scheduled before the Commission in order to allow Daniel to present her claim to the $50,000 lottery prize. Instead, she opted to file this action against the Commission. Daniel waived her judicial remedies, if any, against the Commission. Balcam v. Town of Hingham supra.
*106 II.Preclusion by Massachusetts Tort Claim Act
The tort claims alleged in Court I are barred by the Massachusetts Tort Claims Act.
Daniel’s first count is negligence against the Commission brought under Massachusetts Tort Claims Act (MTCA). MTCA governs tort actions against the Commission. G.L.c. 258, §2.
The Commission’s activities are driven by legislative mandate and not by business or personal objectives. Private individuals or entities cannot run or sponsor lottery games in Massachusetts as those activities are the exclusive domain of the Commission. Bretton v. State Lottery Commission, supra, G.L.c. 10, §§23-35.
MTCA permits negligence suits against the Commonwealth or agencies only in the same manner and to the same extent as private individuals under like circumstances. A private individual cannot be sued for negligence because they cannot run or sponsor a lottery game in Massachusetts, therefore, the Commission cannot be sued for negligently administering the lottery game because as a the matter of law private individuals or entities cannot run or sponsor lottery games in Massachusetts. Likewise, the claims are barred by the Doctrine of Sovereign Immunity.
The claim of Daniel is also barred by MTCA’s presentment provision. G.L.c. 258, §4. A claimant shall first present her claim in writing to the executive officer of such public employee within two years after the cause of action arises. Tivnan v. Registrar of Motor Vehicles, 50 Mass.App.Ct. 96 (2000). In the case of the Commonwealth or any commission thereof, presentment of a claim shall be deemed sufficient if presented to the Attorney General. G.L.c. 258, §4.
Daniel did not present her claim to the Attorney General nor to any named executive officer of the Commission. The complaint does not allege or suggest presentment and no copy of a presentment letter was attached to the complaint.
Furthermore, MTCA has a “discretionary function” immunity provision which bars any claim against the Commonwealth based upon the exercise or performance or the failure to exercise or perform a discretionary function of duty whether or not the discretion involved is abused. G.L.c. 258, § 10(b), Barnet v. City of Lynn, 433 Mass. 662 (2001). MTCA’s discretionary function immunity provision bars Daniel’s negligence. The Commission has discretion to review and deny her lottery prize claim. The Commission’s discretion is evidenced by the provisions of Administrative Bulletin No. 159 which governs payment of lottery prizes under the “Set for Life” lottery game.
III.Breach of Contract Claims in Count II
The Commission’s Administrative Bulletin No. 159 governs payment of lottery prizes under the “Set for Life” lottery game. Daniel’s rights are subject to state law and all rules and regulations and the final decision of the Commission. Those rules include that the director could solely at his option replace the disputed ticket with an unplayed ticket and if he chose that option, that would be the sole and exclusive remedy of the bearer of the ticket. When she purchased her ticket, Daniel agreed to abide by the rules of Administrative Bulletin No. 159, however, she failed to abide by them because she failed to appeal the director’s denial of her lottery prize claim to the Commission as the rules required her to do.
IV.Breach of Warranty Claim in Count III
Article II of the Uniform Commercial Code (G.L.c. 106, §2-101 et seq.) applies to transactions of goods. The definition of goods under that statute does not explicitly include lottery tickets or other items sold by the Commonwealth or its agencies. A warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. A merchant as defined in Article II is one who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices of goods involved in the transaction. The word “person” as appearing in the definition of merchant does not explicitly include the Commonwealth. Therefore, neither the Commonwealth nor its agencies are merchants or persons subject to Article II’s provisions because it is a widely accepted rule of statutory construction that general words in such a statute such as “persons” will not ordinarily be construed to include state or political subdivisions thereof. Bretton v. State Lottery Commission, supra, Commonwealth v. Elm Medical Laboratories, Inc, 33 Mass.App.Ct. 71 (1972).
V.Fraud Claims in Count TV of the Complaint
The fraud claims are barred by § 10(c) of the MTCA, G.L.c. 258, §10(c), which bars intentional tort claims against the Commonwealth including fraud claims. To the extent that Daniel’s claims in Count IV can be construed as “negligent misrepresentation” claims, the claims are also barred by MTCA for the reasons set forth above.
Based on the foregoing, the Court DENIES Daniel’s Motion for Summary Judgment and ALLOWS the Commission’s Cross Motion for Summary Judgment as to all counts of the plaintiffs complaint because Daniel failed to exhaust her administrative remedies with the Commission; and because her claims are barred by MTCA and the doctrine of sovereign immunity.
ORDER
The Motion for Summary Judgment by Nellie Daniel is DENIED.
The Cross Motion for Summary Judgment of Massachusetts State Lottery Commission is ALLOWED as to all counts of the plaintiff s complaint.