ALL SEASONS SERVICES, INC. *vs.* COMMISSIONER OF
HEALTH AND HOSPITALS OF BOSTON.

Suffolk. September 9, 1993. - October 8, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Civil*, Summary judgment, Amendment, Judicial discretion. *Consumer Protection Act*, Availability of remedy, Governmental entity, Trade or commerce. *Municipal Corporations*, Contracts. *Contract*, Municipality.

A charitable hospital organization operated by a municipal board was not a "person" engaged in "trade or commerce" for purposes of G. L. c. 93A, § 11, in soliciting bids and awards for food and vending services at its facility. [271-272]

In a civil action a judge properly denied the plaintiff's motion for leave to amend its complaint to assert a claim for breach of an implied contract against the defendant, a municipal hospital, where such a claim against a municipal entity is futile. [272]

CIVIL ACTION commenced in the Superior Court Department on December 28, 1990.

Motions for partial summary judgment and to amend the complaint were heard by *Elbert Tuttle*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Jonathan M. Albano* (*Sean N. Egan* with him) for the plaintiff.

*Stephen H. Clark*, Assistant Corporation Counsel, for the defendant.

NOLAN, J. The plaintiff, All Seasons Services, Inc. (All Seasons), appeals from the allowance of the defendant's motion for summary judgment and from the denial of its own motion to amend the complaint. We transferred the case to this court on our own motion. For purposes of review, we consider the evidence in a light favorable to the plaintiff.

*Conley* v. *Massachusetts Bay Transp. Auth.*, 405 Mass. 168, 173 (1989). The relevant facts follow.

In the fall of 1990, Boston City Hospital (hospital), a charitable organization operated by the board of health and hospitals (board) of the city of Boston (city), publicly advertised specifications in an effort to solicit bids for the operation of vending machines and a canteen facility at the hospital during the years 1991-1993. In November, 1990, All Seasons, along with three other contractors, submitted a bid. In December, 1990, the contract was awarded to another bidder, which agreed to pay $4,800 per month for the privileges.

All Seasons thereafter filed a complaint on December 28, 1990, seeking damages and equitable relief, alleging that the conduct of the hospital in not awarding the contract to All Seasons constituted an "unfair [or] deceptive [act or] practice" under G. L. c. 93A, § 11 (1992 ed.). In support of its claim, All Seasons asserted that, among other things, it had submitted the highest bid but was not awarded the contract because the hospital's bid evaluation process was tainted. All Seasons' bid submission, however, contained more than one bid. Its highest bid was $5,200 per month for the prescribed period. It is this figure which All Seasons alleges makes the award unfair or otherwise wrong. In fact, as All Seasons concedes, its $5,200 bid did not conform to the hospital's bid solicitation, but rather included costs for additional services that it proposed the hospital accept.

After substantial discovery, the defendant moved for summary judgment, claiming that, as a matter of law, the city is not amenable to suit under G. L. c. 93A, § 11, in the circumstances of this case. Prior to the motion judge's ruling, All Seasons moved for leave to amend its complaint by adding a count for breach of an "Implied Contractual Duty of Fairness and Impartiality." The judge thereafter granted summary judgment in favor of the defendant, ruling that the alleged conduct of the hospital is not subject to the provisions of G. L. c. 93A, § 11, and denied All Seasons' motion.

All Seasons now alleges error in the judge's rulings. There was no error and we affirm the judgment.

1. General Laws c. 93A, § 11. The primary issue presented is whether the hospital is a "person" engaged in "trade or commerce" for purposes of G. L. c. 93A, § 11, when it solicits bids and awards contracts for food and vending services at its facility. We hold that it is not.

As we have stated in the past, "[c.] 93A contains no explicit indication that governmental entities are to be liable under its provisions." *United States Leasing Corp.* v. *Chicopee*, 402 Mass. 228, 232 (1988). Because we conclude that the hospital was not a "person" engaged in "trade or commerce," we need not determine whether and when municipalities and their departments are amenable to the provisions of this chapter.

In *Lantner* v. *Carson*, 374 Mass. 606, 611 (1978), we ruled that the terms "person who engages in any trade or commerce" were intended by the Legislature to "refer specifically to individuals acting in a business context." We subsequently provided various factors to be employed in determining when parties act in a "business context." See *Begelfer* v. *Najarian*, 381 Mass. 177, 190-191 (1980). These factors include the nature of the transaction, the character of the parties and their activities, and whether the transaction was motivated by business or personal reasons. *Id.* at 191.

In considering the above factors, we conclude that the hospital's conduct did not take place in a business context. The hospital is a charitable organization operated by the board. As such, it did not seek to profit from its "transaction" with All Seasons. Contracting for food services is merely incidental to the hospital's primary function of providing medical services. Although a transaction need not occur in the ordinary course of business to fall within the ambit of c. 93A, *Begelfer, supra*, whether it did is certainly relevant.

All Seasons argues that our holding in *Boston* v. *Aetna Life Ins. Co.*, 399 Mass. 569 (1987), compels us to rule in its

favor.[1] *Aetna*, however, is distinguishable. There, Boston City Hospital acted as an assignee, seeking to "assert *its patients' claims* against the defendants" (emphasis added). *Id.* at 571. Our holding in *Aetna* does not extend to the facts here presented. Because the hospital was not a "person" engaged in "trade or commerce," within G. L. c. 93A, § 11, this statute does not apply.

2. *Motion to amend.* All Seasons asserts error in the lower court's denial of its motion for leave to amend its complaint. In examining this issue, we are mindful of the broad discretion vested in lower court judges in ruling on such motions. See *Cappuccio* v. *Zoning Bd. of Appeals of Spencer*, 398 Mass. 304, 314 (1986). However, we have said that leave to amend should be granted "unless there appears some good reason for denying the motion." *Goulet* v. *Whitin Mach. Works, Inc.*, 399 Mass. 547, 549 (1987). There is good reason here to deny the motion because the proposed amendment which sets out a count for breach of an implied contractual duty is futile. The long-standing rule is that a municipality is not liable for implied contracts. See *United States Leasing Corp.* v. *Chicopee*, 402 Mass. 228, 231-232 (1988). After a review of the record, we find no abuse of discretion.

*Judgment affirmed.*

---

[1]In *Boston* v. *Aetna Life Ins. Co.*, 399 Mass. 569, 571 (1987), Boston City Hospital was the assignee of numerous patients' claims against the defendant insurance companies. We concluded that, in those circumstances, the city had standing to pursue claims under G. L. c. 93A, § 11. *Id.*