Town of Southbridge vs. John C. Litchfield & another.[1] No. 97-P-2304. July 15, 1999. *Practice, Civil,* Relief in the nature of certiorari. *Administrative Law,* Exhaustion of remedies. *Contributory Retirement Appeal Board.*

Claiming that he had experienced a rather amazing list of traumatic events while in the line of duty, which resulted in post-traumatic stress disorder, defendant police Officer John C. Litchfield applied for accidental disability retirement. The town of Southbridge (town) contested the claim, asserting that elements of Litchfield's application for benefits were false. A regional medical panel found a disability. The retirement board of Southbridge approved it.[2] The commissioner of the Public Employee Retirement Administration confirmed the board's approval, and the town was duly notified. The town did not take an appeal to the Contributory Retirement Appeal Board (CRAB) under G. L. c. 32, § 16(4). Instead, the town commenced this action in the nature of certiorari, pursuant to G. L. c. 249, § 4. The defendants raised the town's failure to exhaust administrative remedies as a defense. A Superior Court judge, without reaching the merits, allowed the defendant retirement board's motion for judgment on the pleadings, ruling that the town lacked standing to bring this certiorari action. The town has appealed.

Relief in the nature of certiorari does not lie in these circumstances. The town must exhaust all administrative remedies before seeking judicial relief under G. L. c. 249, § 4. See *Carney* v. *Springfield*, 403 Mass. 604, 605 (1988). Cf. *Daniels* v. *Contributory Retirement Appeal Bd.*, 418 Mass. 721, 722 (1994). The town should have taken an appeal to CRAB under G. L. c. 32, § 16(4). Contrast *Georgetown* v. *Essex County Retirement Bd.*, 29 Mass. App. Ct. 272, 273 (1990); *Superintendent of Pub. Works of Attleboro* v. *Attleboro Contributory Retirement Bd.*, 38 Mass. App. Ct. 130, 131 & n.5 (1995); *Swansea* v. *Contributory Retirement Appeal Bd.*, 43 Mass. App. Ct. 402, 405 (1997). These cited cases stand for the proposition that certiorari is an appropriate remedy in particular instances (i.e., removal or discharge of an

---

[1] Retirement Board of Southbridge.

[2] In so doing, the retirement board found that a vast number of the events listed in Officer Litchfield's "statement of personal injury or hazard undergone" had occurred, in substantial part, as Officer Litchfield reported them. This essentially disposes of the town's fact-based arguments in opposition to the local board's determination.

employee, which is not at issue here) where relief is otherwise unavailable under c. 32, § 16(4). See and compare *Fire Chief of East Bridgewater* v. *Plymouth County Retirement Bd.*, *ante* 66, 69 (1999).

*Judgment affirmed.*

*John M. Carey* for the plaintiff.

*Nicholas Poser* for retirement board of Southbridge.

*Thomas F. Gibson* for John C. Litchfield.

