Doerfer, J.
This action arose from a public construction contract between the plaintiff, The Ryan Company, Inc. (“Ryan”) and the defendant, Massachusetts Port Authority (“Massport”) for electrical upgrades at Logan International Airport in Boston, Massachusetts. On April 18, 2000 Ryan filed a Complaint against Massport asserting in Count III of said Complaint that Massport had committed unfair and deceptive acts and practices prohibited by G.L.c. 93A. This matter is before the court on defendant’s motion for dismissal, pursuant to Mass.R.Civ.P. 12(b)(6), of Count III of plaintiffs complaint. For the reasons set forth below, the defendant’s motion to dismiss is ALLOWED.
Discussion
The relevant facts pleaded in the complaint are as follows: On or about August 27, 1996, pursuant to M.G.L.c. 149, §44A-H, Ryan and Massport entered into a general construction contract for certain electrical improvements at Logan International Airport in East Boston, Massachusetts. Plaintiffs Complaint p. 2 para. 3. While the contract was initially worth Three Million Two Hundred Sixty Eight Thousand Dollars ($3,268,000.00), various changes ordered by Massport increased that amount to Three Million Four Hundred Forty Eight Thousand Two Hundred Ten Dollars and Sixty Seven Cents ($3,448,210.67). Plaintiffs Complaint p. 2 para. 4. Over the course of the parties relationship Massport is alleged to have: (1) wrongfully and in bad faith withheld Three Hundred Fifty Eight Thousand Seven Hundred Fifty One Dollars and Seventy Four Cents ($358,751.74) owed *359 to Ryan; (2) assessed damages against Ryan for delays in completion of the Project when Massport knew that the delays were due to the action and inaction of Massport or of those for whom Massport was responsible; and (3) assessed liquidated damages against Ryan solely in retaliation for Ryan’s submission of a claim in the amount of Two Hundred Seventy Six Thousand Eight Hundred Seventy Six Dollars and Ten Cents ($276, 876.10) on June 22, 1998 at the completion of the Project. Plaintiffs Complaint p. 5 para. 15.
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. See Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. Any inferences drawn from a pleading should be “construed so as to do substantial justice.” Oufalian v. Aro Manufacturing Co., 31 Mass.App.Ct. 294, 296 (1991), citing Nadar v. Citron, 372 Mass. 96, 98, 104 (1977), and Mass.R.Civ.P. 8(f). A “complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nadar, supra at 98, quoting Conley v. Gibbon, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
The sole issue to be dealt with on defendant’s motion is whether or not Massport may be shown, under any conceivable set of facts that maybe reasonably inferred from plaintiffs complaint, to have acted as a “person engaged in trade or commerce for the purposes of G.L.c. 93A.” All Seasons Services, Inc. v. Commissioner of Health & Hospitals of Boston, 416 Mass. 269, 271 (1993). A party engages in “trade or commerce,” for the purposes of c. 93A, when it acts in a business context." Peabody N.E., Inc. v. Marshfield, 426 Mass. 436, 439 (1998), citing Lanter v. Carson, 374 Mass. 606, 611 (1978). “The main purpose of G.L.c. 93A is to improve the commercial relationship between consumers[1] and business persons and to encourage more equitable behavior in the marketplace.” Poznik v. Massachusetts Medical Professional Insurance Association, 417 Mass 48, 53 (1994) citing Manning v. Zuckerman, 388 Mass. 8, 12 (1983). “Chapter 93A imposes liability on persons seeking to profit from unfair practices.” Id. “The deterrence goals of c. 93A” are therefore inapplicable “in a non-business context.” Id.
While c. 93A itself contains no indication of whether or not government agencies are subject to it, the Supreme Judicial Court of Massachusetts has repeatedly held that the chapter does not apply to parties motivated by “legislative mandate” rather than “business or personal reasons.” Peabody N.E. v. Marshfield, 426 Mass. 436, 440 (1998), citing Poznik v. Massachusetts Medical Professional Ins. Ass’n, 417 Mass. 48, 52 (1994), quoting Barret v. Massachusetts Insurers Insolvency Fund, 412 Mass. 774, 777 (1992). This rule follows from the general observation that whether or not a “transaction occurs in a business context must be determined by the facts of each case” which include “the nature of the transaction, the character of the parties and their activities, and whether the transaction was motivated by business or personal reasons.” Poznik v. Massachusetts Medical Professional Insurance Association, 417 Mass. 48, 52 (1994), citing All Seasons Servs., Inc. v. Commissioner of Health & Hosp. of Boston, 416 Mass. 269, 271 (1993). More specifically courts have found that whether or not the defendant was engaged in a “profit-making activity” or was instead motivated predominately by “public” concerns is determinative as to c. 93A’s applicability. Peabody N.E., Inc. v. Marshfield, 426 Mass. 436, 440 (1998).
Based on the pleadings before this court it is beyond doubt that Ryan would be unable to show that Massport acted outside of its legislative mandate and was instead motivated by business or personal reasons. In its complaint Ryan alleges that moneys were wrongfully withheld from it and that damages were wrongfully assessed to it. All of Ryan’s allegations, however, arise from the contract between the parties for electrical repair work at Logan Airport the maintenance and upkeep of which is within Massport’s legislatively mandated duties. None of Ryan’s allegations, if shown to be true, would permit a reasonable inference that Massport “was engaged in trade or commerce when it entered into the arrangement nor when it took the actions of which the [plaintiff] now complains.” Lafayette Place Associates v. Boston Redevelopment Authority, 427 Mass. 509, 535 (1998).
Plaintiff cannot argue that unfair or deceptive acts or practices are outside the scope of Massport’s statutory authority and thus subject to regulation under G.L.c. 93A. In Lafayette Place Associates v. Boston Redevelopment Authority, 427 Mass 509, 535 (1998), the Supreme Judicial Court observed that the fact that the fact that a “government entity . . . engages in dishonest or unscrupulous behavior as it pursues its legislatively mandated ends” does not bring such conduct into the realm of business. In this case Ryan’s allegations describe conduct which could be construed as “dishonest or unscrupulous,” but which nevertheless was conduct by which Massport attempted to meet its legislatively mandated duties. Id. at 535. No matter how unfair or deceptive Massport’s practices may have been they were done “wholly in pursuit of the legislatively proscribed mandate” of maintaining Logan Airport. Id. at 535.
Thus the allegations in the plaintiffs complaint relating to Count III cannot lead to a conclusion that *360 Massport may have been motivated by business or personal reasons. Since, “it is beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief’ the defendant’s motion to dismiss is ALLOWED. Nadar, supra at 98.
Order
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss, pursuant to Mass.R.Civ.P. 12(b)(6), Count III of plaintiffs complaint is ALLOWED.

 Although this is a claim under G.L.c. §11 this policy is not limited to consumer claims in the context of this case.