Murphy, J.
The plaintiffs, Edward J. Medeiros, Jr., and Carol A. Thorburn, as co-administrators of the estate of Edward J. Medeiros (“Medeiros”), brought this action against the defendants, Woburn Nursing *556 Center, Inc., (“WNC”) and Northgate Management Corporation d/b/a Woodbriar of Wilmington Rehab and SNC (“Northgate”)', alleging negligent nursing home care.
The action appears before this Court on the plaintiffs’ Motion to Amend Complaint to add a count alleging that the defendants also violated G.L.c. 93A.
For the reasons set forth below, the Plaintiffs’ Motion to Amend Complaint is hereby ALLOWED.

STATEMENT OF RELEVANT FACTS

While a long-term care resident in the defendants’ nursing home, Medeiros (now deceased) required surgery to treat four pressure sores. Plaintiffs filed a Complaint against WNC on or about October 13, 1999, alleging that WNC violated Health Care Financing Administration (“HCFA") regulations requiring nursing homes to provide necessary care and services to promote, healing, prevent infection, and prevent new pressure sores from developing. Specifically, the plaintiffs asserted that from October 7 to November 14, 1996, the plaintiffs were negligent in their care of Medeiros by failing to prevent his bed sores.
On June 29, 2000, plaintiffs, through counsel, served a formal demand letter pursuant to G.L.c. 93A, §9, via certified mail. On July 27, 2000, defendants replied in writing to plaintiffs’ demand letter.
On November 13, 2000, plaintiffs filed their Motion to Amend the Complaint to plead and add a count for G.L.c. 93A. The Court (Murphy, J.) on November 27, 2000, denied plaintiffs’ Motion to Amend.
On or about December 26, 2000, plaintiffs filed a Motion for Reconsideration.
On February 8, 2001, plaintiffs presented their Offer of Proof to a. medical malpractice tribunal (the “tribunal”). The tribunal determined that there was sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry.
On March 27, 2001, by stipulation, Northgate was dismissed as a defendant.
On May 30, 2001, the Court held a hearing on the plaintiffs’ Motion for Reconsideration.

DISCUSSION

The defendants contend that the plaintiffs did not file their unfair or deceptive acts or practices claim, pursuant to G.L.c. 93A, within four years of the alleged violations , as required by the statute. They claim that because the alleged violations took place during the period of October 7 to November 14, 1996, the plaintiffs’ Motion to Amend Complaint to add a G.L.c. 93A claim is untimely. Thus, they argue, the Court should not allow the plaintiffs to amend their Complaint.
The plaintiffs maintain that their Motion to Amend Complaint is timely. In support thereof, they assert that, pursuant to Mass.R.Civ.P. 15(c), their proposed G.L.c. 93A claim “relates back” to the time of the original filing. Because they originally filed the action within four years of the putative G.L.c. 93A violation, they argue, the amendment should not be excluded as untimely.
Mass.R.Civ.P. 15(a) states in part: “a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.” Mass.R.Civ.P. 15(c) states: “[W]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.” Judges have broad discretion in ruling on motions to amend. All Seasons Services, Inc. v. Commissioner of Health & Hospitals of Boston, 416 Mass. 269, 272 (1993). Denial of a motion to amend is justified in circumstances of undue delay, undue prejudice to the opposing party, and futility. Castellucci v. United States Fidelity and Guaranty Co., 372 Mass. 288, 290 (1977).
Here, the proposed amendment was not unduly delayed, is not futile, and will not cause undue prejudice against the defendants. See id. Although the plaintiffs did not file their G.L.c. 93A claim within four years of the alleged violations, and did not serve a demand letter upon the defendants thirty days prior to the original filing, both as prescribed by the statute, they did file their Complaint within four years of the alleged G.L.c. 93A violations, and they,did serve a demand letter upon the defendants thirty days prior to filing this Motion to Amend Complaint to add the G.L.c. 93A claim. Moreover, the purpose of the four-year limitations period under G.L.c. 93A, like the purpose of all statutory limitations periods, is to afford plaintiffs “what the legislature deems a reasonable time to present their claims, [to] protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise.” U.S. v. Kubrick, 444 U.S. 111, 117 (1979). Although the plaintiffs in the instant action did not file their G.L.c. 93A claim within the requisite four-year period, this is not a case where the search for truth will be impaired or the defendants subjected to prejudice as a result of the amendment. Thus, the Court will allow the amendment of the Complaint. See Hobbs v. Carroll, 34 Mass.App.Ct. 951, 952 (1993) (Mass.R.Civ.P. 15(a) “bespeaks liberality in allowing amendment of pleadings”).

ORDER

For the above reasons, as aforestated, it is ORDERED that the Plaintiffs’Motion to Amend Complaint is hereby ALLOWED.