Troy, Paul E., J.
In October 2003, Mark Urman M.D. (Urman) instituted the instant action seeking that the Board of Registration in Medicine (Board) approve his application for a full license to practice medicine or, in the alternative, to rescind the Board’s denial of his application and provide him with a full hearing. The matter is currently before the court on Urman’s motion for leave to amend his complaint and the Board’s cross motion to dismiss. Because the court does not have subject matter jurisdiction over Urman’s claims, his motion to amend is futile and is therefore DENIED; the Board’s cross motion is ALLOWED.
BACKGROUND
On September 17, 2003, the Board issued an order of final denial, denying Urman’s application for a full license to practice medicine in the Commonwealth of Massachusetts,[1] and Urman filed the current suit. On August 5, 2004, this court ordered a hearing on the matter, and it was referred by the Board to the Division of Administrative Law Appeals (DALA). After a full hearing on the merits, on April 27, 2006, the DALA magistrate found that the Board had not been in receipt of all the available documentation at the time it denied Urman’s license; it therefore remanded the matter to the Board “for reconsideration of his application for full licensure.” The Board, on September 6, 2006, adopted in full the DALA’s recommended decision and reversed its denial of Urman’s application. It did not, however, grant Urman a license. In the absence of any action by the Board, on April 25, 2007, Urman filed an amended complaint, seeking to add four counts: in Count I an action in the nature of certiorari pursuant to G.L.c. 249, §4; in Count II an action in the nature of mandamus pursuant to G.L.c. 249, §5; in Count III declaratoiy judgment pursuant to G.L.c. 231 A; and in Count IV a violation of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.
Several procedural skirmishes subsequently ensued between the parties; ultimately the Board agreed to consider Urman’s application upon receipt of a practice plan, to be submitted by Urman, that identifies a supervising physician to monitor Urman’s clinical performance, and contains an outline of his duties and responsibilities. According to a letter from the Board to Urman, this is common practice for physicians who have been out of the active practice of medicine for more than four years, as is the case here. Following receipt of these additional materials, the Board has agreed to consider Urman’s application.
On August 1, 2007, this court ordered a status report. Urman answered that he has refused the Board’s request to submit the practice plan before it considers his license application; he agrees to submit the plan only after the Board has granted his license, but before he begins his clinical practice. The Board maintains that it requires the practice *384 plan prior to any decision on Urman’s license application.
DISCUSSION
1.Motion to amend
A motion to amend shall be “freely given when justice so requires.” Mass.R.Civ.P. 15(a); Harvard Law Sch. Coalition for Civil Rights v. President and Fellows of Harvard Coll., 413 Mass. 66, 72 (1992); All Seasons Servs., Inc. v. Commissioner of Health and Hosps. Of Boston, 416 Mass. 269, 272 (1993) (“[A] leave to amend should be granted unless there appears some good reason for denying the motion”). The decision to grant such a motion is within the broad discretion of the trial judge. Harvard Law Sch., 413 Mass. at 72. Nevertheless, if the proposed amendment is futile, that constitutes good reason to deny the motion. All Seasons Servs., 416 Mass. at 272. See also Castellucci v. United States Fidelity and Guar. Co., 372 Mass. 288, 290 (1977).
2.Count I: action in the nature of certiorari
Urman first seeks relief in the nature of certiorari. In the absence of a provision for judicial review of an agency decision, an aggrieved person may seek relief in a civil action pursuant to G.L.c. 249, §4. Bermant v. Board of Selectmen of Belchertown, 425 Mass. 400, 403-04 (1997). “The purpose of the certiorari procedure is to provide a remedy where none would otherwise exist.” Cumberland Farms v. Planning Bd. of Bourne, 56 Mass.App.Ct. 605, 607 (2002). “The requisite elements for availability of certiorari are (1) a judicial or quasi judicial proceeding (2) from which there is no other reasonably adequate remedy (3) to correct substantial error of law apparent in the record (4) that has resulted in manifest injustice to the plaintiff . . .” Board of Retirement v. Woodward, 446 Mass. 698, 703 (2006).
As a threshold matter, the Board’s refusal to issue a license without the submission of a practice plan is not a judicial or quasi-judicial action. Town of Marion v. Massachusetts Hous. Fin. Agency, 68 Mass.App.Ct. 208, 211 (2007).[2] Furthermore, an action in the nature of certiorari is not available to a plaintiff unless and until he exhausts all administrative remedies before seeking judicial review. Cumberland Farms, 56 Mass.App.Ct. at 608 (“[c]ertiorari cannot be requested where administrative remedies terminating in judicial review are available and unexhausted”). See also Town of Southbridge v. Litchfield, 47 Mass.App.Ct. 920 (1999) (rescript) (town must exhaust all administrative remedies before seeking judicial review pursuant to G.L.c. 249, §4). The doctrine of exhaustion of administrative remedies is designed to allow “administrative agencies to complete their own decision-making processes and [to discourage] premature judicial intervention.” Trust Ins. v. Commissioner of Ins., 48 Mass.App.Ct. 617, 624 (2000).
Here, Urman has not exhausted his administrative remedies and has an alternative avenue for relief at his disposal. Should the Board refuse to grant him a full license, he may seek judicial review pursuant to G.L.c. 30A, §1. “Certiorari does not provide an additional or alternative avenue of appellate review,” Picciotto v. Superior Court Dep’t of the Trial Court, 437 Mass. 1019, 1020 (2002), and is not the proper avenue for Urman to obtain judicial review.
Urman contends, nonetheless, that the Board’s adoption of the DALA decision and its reversal of its previous denial of his license constitutes a grant of a full license; its failure to then issue one, his argument goes, is a final agency decision. The court does not agree. The Board’s refusal to consider Urman’s application absent a practice plan is “merely an interim step in the administrative process,” and as such is not a final agency determination. See Town of Marion v. Massachusetts Hous. Fin. Agency, 68 Mass.App.Ct. 208, 211 (2007) (issuance of determination of eligibility to build affordable housing but one step in approval process and not final agency decision, therefore action in nature of certiorari cannot lie).
Although on occasion administrative inaction can have the “same impact on the rights of the parties as denial of relief . . . [and] an agency cannot preclude judicial review by casting its decision in the form of inaction rather than in the form of an order denying relief,” Trust Ins., 48 Mass.App.Ct. at 625, that is not the case here. The Board has not refused to act. On the contraiy, it has agreed to act on Urman’s application upon receipt of his practice plan. Given that the Legislature has afforded the Board broad statutory authority to “require a course of education or training,” G.L.c. 112, §5, or to “impose restrictions on a physician’s license prohibiting the physician from . . . performing procedures except under certain conditions,” G.L.c. 112, §5A, this court does not consider the Board’s refusal to issue a license pending Urman’s submission of a practice plan the equivalent of inaction. For the above reasons, Urman cannot pursue an action in the nature of certiorari.
3.Count II: action in the nature of mandamus
Urman next seeks an order in the nature of mandamus, requiring the Board to issue him a full license to practice medicine. For reasons essentially similar to the inapplicabiliiy of an action in the nature of certiorari in this case, Urman may not avail himself of an action in the nature of mandamus.
Relief in the nature of mandamus “is extraordinary and may be granted only to prevent a failure of justice in instances where there is no alternative remedy.” Callahan v. Superior Court, 410 Mass. 1001 (1991) (rescript). “A petitioner seeking relief pursuant to G.L.c. 211, §3 must demonstrate a *385 substantial claim of violation of a substantive right and that the violation could not have been remedied in the normal course of a trial and appeal or by other available means.” Sabree v. Superintendent, Massachusetts Corr. Inst., 437 Mass. 1015 (2002). Relief in the nature of mandamus does not lie against a public official performing discretionary acts. Trust Ins., 48 Mass.App.Ct. at 621. See also Massachusetts Redemption Coalition, Inc. v. Secretary of the Executive Office of Env. Affairs, 68 Mass.App.Ct. 67, 69 (2007) (ordering public official to make discre-tionaiy determinations not proper function of a writ of mandamus; where act is discretionary there is by definition no duty to perform it). Absent some particular act which a court can order and enforce, mandamus is not available, nor does mandamus lie if another effective remedy exists, or if the petitioner has failed to exhaust all his administrative remedies. Trust Inc., 48 Mass.App.Ct. at 621-24.
As discussed above, the Board has not issued a final determination and thus Urman has not exhausted his administrative remedies.[3] Even should the Board issue a final decision unfavorable to Urman, he may not advance an action pursuant to G.L.c. 249, §5 where the Board’s determination is purely discretionaiy.[4] See also Berman v. Board of Registration in Medicine, 355 Mass. 358, 360 (1968 (“Mandamus does not lie to compel an administrative agency to perform a discretionaiy act . . . This court is not empowered to direct an administrative board how to perform its public duties”). For these reasons, Urman cannot sustain an action in the nature of mandamus.
4. Declaratoiy judgment
Similarly, where Urman has not exhausted his administrative remedies, he cannot sustain an action for declaratoiy relief. Although a complaint for declaratory judgment pursuant to G.L.c. 231 A, §1 is the proper avenue for challenging the legality of an administrative action, a plaintiff must nonetheless show that “(1) there is an actual controversy;[5] (2) he has standing;[6] (3) necessary parties have been joined; and (4) available administrative remedies have been exhausted.” Naranjo v. Department of Rev., 63 Mass.App.Ct. 260, 266-67 (2005). See also Balcam v. Town of Hingham, 41 Mass.App.Ct. 260, 266 (1996) (general rule is that where an administrative procedure is available, a party seeking declaratory relief must first seek to exhaust all opportunities for an administrative remedy).
For the reasons stated above, Urman cannot seek relief pursuant to G.L.c. 231 A, §1, where there has been no final agency decision and, in the event that the Board refuses his application, he can seek judicial review pursuant to G.L.c. 30A. Additionally, a court cannot declare as a matter of right that Urman’s license ought to have been granted where the Legislature, “within a somewhat wide . . . area of discretion,” has afforded the Board the power to issuealicense to practice. Johnson Prods., Inc. v. City Council of Medford, 353 Mass. 540, 545 (1968). To order the Board to do so “would amount to a usurpation by the court” of the Board’s licensing power. Id.
5. Count IV: violation of the due process clause of the Fifth and Fourteenth Amendments
Urman’s claim that the Board has violated his constitutional rights by rejecting his application is also without merit. In the first place, the Board has not yet rejected his application but has agreed to consider it upon receipt of the requested practice plan. Furthermore, given the wide discretionaiy authority conferred upon the Board, see discussion, supra, this court may not interfere with the Board’s decision to premise its consideration of Urman’s application upon the submission of a practice plan.
CONCLUSION
For the foregoing reasons, it is ORDERED that the plaintiffs motion to amend his complaint be DENIED and the defendant’s motion to dismiss be ALLOWED.

Although not relevant to the issue currently before the court, the Board based its decision on (1) Urman’s failure to pass Step 3 of the United States Medical Licensing Examination within the seven-year period as required by 243 Code Mass. Regs. §2.02(5); (2) negative evaluations during his PGY 3 year resulting in probation for eight weeks; and (3) its assessment that Urman’s conduct placed into question his competence to practice medicine.

A judicial or quasi judicial proceeding is one where sworn witnesses are subject to cross-examination regarding specific charges. School Comm. of Hudson v. Board of Education, 448 Mass. 565, 576 (2007).

Nhe court does not consider the Board’s refusal to act on Urman’s application absent a practice plan to be a final agency decision, see discussion, supra.

See discussion, supra, of the Legislature’s grant to the Board of considerable discretion in making determinations as to licensing requirements.

As a threshold matter, because Urman has failed to file his practice plan, the Board has not had the opportunity to deny his application, and thus no actual controversy exists. See Stop & Shop v. Board of Registration in Pharmacy, 394 Mass. 1008 (1985) (where plaintiff failed to file application, board has not had opportunity to deny it).

Similarly, absent an unfavorable determination by the Board, Urman is not an aggrieved person and thus lacks standing. See Kaplan v. Bowker, 333 Mass. 455, 459 (1956) (only persons who have suffered legal harm can compel courts to pass on validity of other branch of government).