Henry, Bruce R., J.
The plaintiff now moves to amend her complaint as to defendants Steidler Construction, Inc. and R.W. Granger & Sons, Inc. (“the defendants”) to include claims that the defendants were negligent in that they failed to properly construct the softball field and failed to properly supervise their subcontractors, agents, employees, or servants during the construction of the softball field. The issue now before the court is whether to allow the plaintiff to amend the complaint to add a new theory of negligence after all other claims against the defendants have been disposed of in the defendants’ favor pursuant to this court’s ruling on their motions for summaiy judgment. For the reasons stated below, the plaintiffs motion will be ALLOWED.
Under Mass.R.Civ.P. 15(a), “leave to amend should be granted unless there appears some good reason for denying the motion.” All Seasons Servs., Inc. v. Commissioner of Health and Hosps. of Boston, 416 Mass. 269, 272 (1993) (internal quotation and citation omitted). “Such reasons include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . futility of the amendment, etc.” Goulet v. Whitin Mach. Works, Inc., 399 Mass. 547, 549-50 (1987) (internal citation and quotation omitted).
This court concludes that, while this motion to amend has been filed late in the case, the delay was not so long and the substance of the amendments not so substantially different as to cause undue prejudice to the defendant. Furthermore, there is no evidence of a bad faith motive on the part of the plaintiff with respect to the defendants’ argument that leave to amend should be denied on the bases of futility, the plaintiffs second amended complaint states claims on which relief may be granted and this court’s ruling on the defendants’ motions to for summaiy judgment did not foreclose the plaintiffs possibility of success on these claims. The defendants’ arguments are more suited to a motion for summaiy judgment.
ORDER
It is hereby ORDERED that the plaintiff Taryn T. Kaitbenski’s second motion to amend the complaint be ALLOWED.