Garsh, E. Susan, J.
INTRODUCTION
The plaintiff, Renee M. Rice (“Rice”), brought this premises liability action against the defendants, Vasilous Apazidis (“Apazidis”) and Mary Ann Apazidis to recover for personal injuries that she allegedly sustained on the defendants’ property. The complaint contains a negligence count against each defendant arising out of their alleged failure to reasonably keep and maintain their premises. Rice now seeks to amend the complaint to add a count for breach of the warranty of habitability. For the reasons set forth below, the Motion to Amend is DENIED.
BACKGROUND
In support of the motion, Rice states that she was scheduled to meet with Apazidis at the premises to look at an apartment she was interested in renting. She walked to the back of the buflding to find both the unit in question and Apazidis, at which time she fell down an unguarded stairway and suffered personal injuries. She further alleges that the stairway violated the Building Code.
DISCUSSION
In any rental of a dwelling unit, whether for a specified time or at will, there is an implied agreement or warranty by the landlord that the premises are fit for human occupation. Crowell v. McCaffrey, 377 Mass. 443, 451 (1979) (warranty of habitability extends to porch if porch is part of the rental unit). Relying upon the holding in Scott v. Garfield, 454 Mass. 790, 791 (2009), to the effect that “a lawful visitor may recover damages for personal injuries caused by a breach of the implied warranty of habitability,” Rice argues that, as a “lawful visitor” upon the defendants’ premises, she should be permitted to amend her complaint to add a count for breach of the warranty of habitability. Rice maintains that Scott does not limit the category of “lawful visitors” to lawful visitors of a tenant or subtenant.
In context, however, the “lawful visitor” language in Scott does not purport to hold landlords strictly liable for injuries suffered on their premises by any non-trespasser whenever those injuries are causally related to a violation of the State Building Code or Sanitary Code. To construe the holding in Scott as expansively as Rice suggests would be to unmoor the warranty of habitability from the lease, an action the Supreme Judicial Court did not take.
The plaintiff and “lawful visitor” in Scott was at a friend’s apartment when he fell from a broken porch railing. Id. at 792. This detail is contained in the Court’s summary of what it characterized as “the essential background and facts.” Id. at 791. The issue before the Court was whether the plaintiff, as a guest of a tenant, had the right to recover under the warranty. Id. at 794. The Court recognized that the warranty of habitability “arises from the residential leasing contract between landlord and tenant. . .” Id.
The reason for the Court’s holding that “lawful visitors” may recover for personal injuries caused by breach of the implied warranty of habitability “rests, in part, on the expectation that a tenant might invite a guest into his home, and the concomitant expectation that the tenant’s home must be safe for a guest to visit — which together go to the very heart of the landlord’s contractual obligation to deliver and maintain habitable premises that comply with the building and sanitary codes.” Scott, at 794-95. The Court stated further that “[a] lawful visitor of an ‘occupant of housing’ plainly comes within the scope of persons intended to be protected and therefore also within the ambit of the implied warranty of habitability while in the rented premises.” Id. at 795. The holding in Scott also is based on the Court’s opinion that “(i]t would not stand to reason that where a tenant and lawful visitor both suffered injuries on the tenant’s rented premises, caused by the same significant defect in violation of the sanitary code, the tenant might recover on a breach of warranty claim, while the tenant’s guest could recover only in negligence, thus subjecting only the guest to a comparative negligence defense.” Id. at 795. None of the Court’s rationale applies to a situation where the injured party is a prospective tenant who was not invited onto the premises by a resident.
The conclusion that Scott does not authorize Rice to pursue a breach of warranty of habitability claim against the defendants is buttressed by the Court’s statement that its holding accords with the Restatement (Second) of Property (Landlord and Tenant) §17.6 (1977). Id. at 795-96. This section of the Restatement provides that,
A landlord is subject to liability for physical harm caused to the tenant and others upon the leased *452 property with the consent of the tenant or his subtenant by a dangerous condition existing before or arising after the tenant has taken possession, if he has failed to exercise reasonable care to repair the condition and the existence of the condition is a violation of: (1) an implied warranty of habitability; or (2) a duty created by statute or administrative regulation.
Restatement (Second) of Property (Landlord and Tenant) §17.6 (1977) (emphasis added). Comment (e) makes it clear that the rules of this section “apply only to those on the leased property with the consent of the tenant or his subtenant.” Id. at cmt. e (emphasis added).[2] To allow Rice to proceed with a claim against the defendants for breach of the warranty of habitability would not accord with the Restatement (Second) of Property (Landlord and Tenant) §17.6 (1977) and thus not accord with Scott.
It would be futile to allow Rice’s motion to amend the complaint to add a breach of the warranty of habitability claim. That claim would be subject to an immediate motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). The court, accordingly, exercises its discretion to deny the plaintiffs motion to amend. See All Seasons Services Inc. v. Commissioner of Health and Hospitals, 416 Mass. 269, 272 (1993) (finding good reason to deny a motion to amend complaint where proposed amendment is futile).
ORDER
For the reasons set forth above, it is ORDERED that the motion of the plaintiff, Renee M. Rice, to amend to add a cause of action for breach of the warranty of habitability be and hereby is DENIED.

The comment goes on to note that a landlord, nevertheless, may be liable in tort to others who are rightfully on the property even if they do not have the consent of the tenant. The defendants do not challenge the plaintiffs right to assert a negligence claim against them.