BOSTON HOUSING AUTHORITY *vs.* BOBBY HOWARD.

Suffolk. April 6, 1998. - May 20, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Housing Authority. Boston Housing Authority. Consumer Protection Act,*
Unfair or deceptive act, Trade or commerce, Availability of remedy. *Words,*
"In a business context."

This court concluded that the Boston Housing Authority did not, by failing to
maintain housing in compliance with the State sanitary code and by breach-
ing the implied warranty of habitability, act "in a business context" and
was not engaged in "trade or commerce" within the meaning of G. L.
c. 93A, § 2, so as to give rise to liability under that statute. [538-540]

SUMMARY PROCESS. Complaint filed in the Boston Division of
the Housing Court Department on March 30, 1992.

The case was heard by *Herman J. Smith, Jr.,* J.

The Supreme Judicial Court granted an application for direct
appellate review.

*Wilbur E. Commodore* for the plaintiff.

*Jeffrey W. Purcell* for the defendant.

*Martin J. Rooney,* for Worcester Housing Authority & others,
amici curiae, submitted a brief.

*William A. Horne & Julie A. Frohlich,* for Massachusetts
Union of Public Housing Tenants, amicus curiae, submitted a
brief.

LYNCH, J. The Boston Housing Authority (authority) appeals
from a judgment entered in the Boston Division of the Housing
Court Department rejecting the authority's claim for possession
of a housing unit occupied by the defendant and awarding the
defendant damages on his counterclaim under G. L. c. 93A.[1] On
appeal, the authority contends that the judge erred in (1) impos-
ing liability on the authority under G. L. c. 93A, and (2) award-

---

[1] The authority makes no argument here respecting its claim for possession,
and therefore that claim is waived. *Dullea* v. *Safety Ins. Co.*, 424 Mass. 37, 38
n.2 (1997).

ing the defendant punitive damages in connection with the authority's c. 93A violation. We granted the defendant's application for direct appellate review, and for the reasons set forth below, we conclude that c. 93A does not apply to the authority.[2]

*Facts.* The judge found the following facts. The authority administers public housing and is the landlord of the premises in which the defendant began residing in 1981. In March, 1992, the authority served the defendant with notice to quit the premises for nonpayment of rent. The defendant counterclaimed, contending, inter alia, that the authority's failure to maintain the premises in compliance with the State sanitary code constituted an "unfair and deceptive" practice under G. L. c. 93A, § 2 (*a*).

The judge found that the authority's violations of the State sanitary code cumulatively amounted to a breach of the warranty of habitability. Based on these findings, the judge concluded that "[t]he [authority's] renting [of] premises that contained conditions which breached the warranty of habitability constituted an unfair and deceptive practice" under G. L. c. 93A, § 2 (*a*). Consequently, the judge awarded the defendant damages in the amount of $708,[3] plus attorney's fees.

*Discussion.* General Laws c. 93A, § 2 (*a*), prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Engaging in "trade or commerce" in turn requires a party to act "in a business context." *Peabody N.E., Inc.* v. *Marshfield*, 426 Mass. 436, 439 (1998), citing *Lantner* v. *Carson*, 374 Mass. 606, 611 (1978). Whether a party is acting "in a business context" depends on particular circumstances such as "the nature of the transaction, the character of the parties involved, and [their] activities . . . and whether the transaction [was] motivated by business or personal reasons." *Begelfer* v. *Najarian*, 381 Mass. 177, 190-191 (1980). Chapter 93A contains no explicit indication that governmental entities are to be liable under its provisions.

---

[2]We acknowledge the amicus briefs submitted by the Worcester Housing Authority and numerous other housing authorities throughout the Commonwealth and by the Massachusetts Union of Public Housing Tenants.

[3]In arriving at this figure the judge first found that the defendant was entitled to actual damages in the amount of $890: $540 in a rent "rebate," and $350 in "out of pocket damages." The judge then doubled this amount, under G. L. c. 93A, to $1,780. Finally, the judge subtracted from this sum $1,072, for use and occupation of the premises.

*United States Leasing Corp.* v. *Chicopee*, 402 Mass. 228, 232 (1988). Regardless whether such entities may be liable in some circumstances, we have repeatedly refrained from imposing liability on parties motivated by "legislative mandate, not business or personal reasons." *Poznik* v. *Massachusetts Med. Professional Ins. Ass'n*, 417 Mass. 48, 52 (1994), quoting *Barrett* v. *Massachusetts Insurers Insolvency Fund*, 412 Mass. 774, 777 (1992). Although not dispositive, a party's status as a "nonprofit operation" has influenced our analysis. See *Peabody N.E., Inc.* v. *Marshfield, supra* at 440, citing *Poznik* v. *Massachusetts Med. Professional Ins. Ass'n, supra* at 53; *All Seasons Servs., Inc.* v. *Commissioner of Health & Hosps. of Boston*, 416 Mass. 269, 271 (1993).

In the present case, we conclude that the authority was not acting "in a business context." The authority is an entity whose creation, organization, and operation are products of G. L. c. 121B, and its accompanying regulations, 940 Code Mass. Regs. § 3.17 (1993).[4] It is prohibited by statute from operating at a profit. G. L. c. 121B, § 32, first par. The rents for the dwelling units in its projects are fixed by statute and any deficiency in its budget caused by its reduced rentals shall be paid by the Commonwealth. *Id.* Furthermore, the authority's legislative mandate to "provide housing projects for families of low income," G. L. c. 121B, § 26 (*e*), is analogous to the activities of other entities we have concluded were not conducted in a business context. See *Poznik* v. *Massachusetts Med. Professional Ins. Ass'n, supra* at 53 (insurance association not engaging in trade or commerce where "[i]ts customers are those who cannot obtain insurance from insurance companies in the general marketplace"); *Barrett* v. *Massachusetts Insurers Insolvency Fund, supra* at 775-776 (insurers' association not engaged in trade or commerce where it covers claims of parties whose insurance companies have become insolvent).

The fact that the authority in the present case and other governmental entities may have been permitted to bring c. 93A claims is not significant. An entity may be engaged in trade or commerce when dealing with large insurance companies in behalf of patients of a hospital under its control or in purchas-

---

[4]For example, § 3 of G. L. c. 121B covers the creation and dissolution of housing authorities, § 5 explains the membership requirements of housing authorities, § 26 delineates housing authorities' powers, and § 32 outlines tenant selection requirements.

ing electrical power from a public utility, and be not so engaged when fulfilling its statutory mandate to benefit some segment of the general public. See *Boston* v. *Aetna Life Ins. Co.*, 399 Mass. 569, 574-575 (1987) (city was engaged in trade or commerce in procuring health insurance policies for patients at Boston City Hospital); *Spence* v. *Boston Edison Co.*, 390 Mass. 604, 615-616 (1983) (Boston Housing Authority was engaged in trade or commerce in contracting with Boston Edison for steam in public housing).

Manifestly the authority did not act "in a business context" and thus, was not engaged in "trade or commerce" in its dealings with the defendant. Consequently, imposing liability under c. 93A and the consequent award of double damages and attorney's fees was improper.

The judgment is vacated, and the case is remanded to the Housing Court for entry of a new judgment under which (1) the defendant is entitled to possession of the premises and $890 in damages; and (2) the authority is entitled to $1,072 in withheld rental payments. The defendant is also entitled to attorney's fees, to be calculated by the judge on remand, for work performed at trial in furtherance of his claim under G. L. c. 186, § 14.

*So ordered.*