Gershengorn, J.
The defendant, Nancy Comenitz, brings this motion to dismiss Count IV of the plaintiff, Mary J. O’Brien’s, amended complaint, for failure to state a claim. For the reasons set forth below, the defendant’s motion to dismiss is allowed.

*590
BACKGROUND

The following facts are taken from the plaintiffs amended complaint and are accepted as true for purposes of the defendant’s motion to dismiss.
On October 18, 1999, the plaintiff was working as a meter maid in Newton Centre. The defendant’s motor vehicle was illegally parked and unattended in front of 1269 Centre Street. When the defendant returned to her car, the plaintiff attempted to give her a parking ticket. The defendant refused to accept the ticket, became “irate” with the plaintiff, and forcefully opened her car door into the plaintiff, knocking the plaintiff to the ground. The plaintiff was injured, suffering physical and emotional harm. The defendant then got into her car and drove away.
As a result of the incident, the Commonwealth of Massachusetts filed criminal charges against the defendant for leaving the scene of an accident after causing personal injuries, negligent operation of a motor vehicle, improper starting, and operating to endanger. On December 16, 2000, Judge Klein of the Newton District Court agreed to continue the complaint without a finding on the condition that the defendant pay the City of Newton for the plaintiffs workman’s compensation expenses. The plaintiff is obliged to pay these expenses if the defendant fails to pay them. As of December 20, 2001, the defendant has failed to pay the City of Newton.
On December 20, 2001, the plaintiff filed the complaint in this case.

DISCUSSION

For purposes of a motion to dismiss, the allegations in the complaint must be treated as true and the plaintiff is entitled to all favorable inferences. General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992). A complaint is sufficient “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995), quoting Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
The defendant argues that Count IV should be dismissed because the plaintiff has failed to state a claim under G.L.c. 93A, §11. Specifically, the defendant argues that §11 does not apply to this case since there was no commercial transaction between the parties, which is required under the statute. The plaintiff responds that §11 applies because the defendant is a business person and she “clearly and unquestionably utilizes her motor vehicle license in the performance of her duties as a duly licensed real estate broker.”
“The development of c. 93A suggests that the unfair or deceptive acts or practices prohibited are those that may arise in dealings between discrete, independent business entities.” Szalla v. Locke, 421 Mass. 448, 451 (1995). “[W]e conclude that c. 93A requires that there be a commercial transaction between a person engaged in trade or commerce with another person engaged in trade or commerce.” Id.
Certain standards apply for determining whether a party is engaged in “trade or commerce.” Factors to be considered include the character of the party, the nature of the transaction, the activities engaged in by the party, and whether the transaction was motivated by business or personal reasons.
Barrett v. Massachusetts Insurers Insolvency Fund, 412 Mass. 774, 775-76 (1992).
To prevail in a Section 11 action, a claimant must prove that a person who is engaged in trade or business committed an unfair or deceptive trade practice and that claimant suffered a loss of money or property as a result. The standard for determining whether conduct in a transaction between two businesses is unfair or deceptive is whether such conduct reaches a “level of rascality that would raise an eyebrow of someone inured to the rough and tumble world of commerce.”
Bowers v. Baystate Techs., Inc., 101 F.Sup.2d 53, 54 (D.Mass. 2000) (citation omitted).
The plaintiff argues that the defendant was engaged in business or commerce at the time of the incident since a real estate broker is necessarily required to work outside of the office and would be likely to use her car in her work. For c. 93A, §11 to apply, however, the plaintiff and the defendant must be engaged in commerce with each other. The plaintiff has not alleged that the defendant was engaged in real estate business with the plaintiff. The only interaction between the plaintiff and the defendant was the plaintiffs attempt to hand the defendant a parking ticket. Even if this interaction is business or trade, the plaintiff must still show that “the defendant committed unfair or deceptive trade practices,” which caused the plaintiff to suffer a loss of money or property. Bowers, 101 F.Sup.2d at 54. While the defendant’s behavior in refusing to accept the ticket was inappropriate at best (and unlawful at worst), it was neither an unfair nor deceptive trade practice within the meaning of c. 93A.
In the alternative, the plaintiff argues that the defendant’s failure to pay the City of Newton for the plaintiffs workmen’s compensation claim is a violation of c. 93A, §11, apparently under the theory that a court-ordered payment is an act of trade or commerce covered by the statute. The sole beneficiary of the court order is the City of Newton. Even assuming that the violation of a court order could be determined to be a violation of c. 93A, the plaintiff does not have standing to bring such a claim against the defendant.
The defendant further argues that the plaintiff has failed to state a claim under G.L.c. 93A, §9 since the plaintiff has failed to provide a written demand for *591 relief. The plaintiff responds that a demand letter was not required, as her claim is brought under §11, not §9. Since the plaintiff does not challenge the defendant’s assertion that she has not provided a written demand for relief, this Court need not address that argument.
The defendant’s motion to dismiss Count IV of the complaint is therefore allowed.

ORDER

For the reasons set forth below, the defendant’s motion to dismiss Count IV is allowed.