Kern, Leila R., J.

INTRODUCTION

In Phase I of this litigation, the plaintiff utility companies seek to obtain excess liability coverage from the defendant insurers in connection with the cleanup of environmental contamination at the sites of former manufactured gas plants in Lynn, Salem and Malden. This matter is before the court on the Massachusetts Insurers Insolvency Fund’s motion for partial summary judgment pursuant to Mass.R.Civ.P. 56 on plaintiffs’ breach of contract claim. For the reasons discussed below, the Fund’s motion is ALLOWED in part.

DISCUSSION

On May 6, 2004, the plaintiffs filed a Second Amended Complaint seeking declaratory relief, specific performance, money damages and restitution *181 arising from the defendants’ ongoing breach of their contractual obligations to defend and indemnify the plaintiffs against liability for various environmental claims and losses covered under insurance policies in effect from the 1950s through the 1980s. Plaintiffs allege in Paragraph 17 of the Second Amended Complaint that the Fund is obligated under CGL policies issued by the Home Insurance Co. and Midland Insurance Co. “up to the statutoiy maximum of $300,000 per covered claim, to defend Plaintiffs as to each of the Environmental Claims and to indemnify Plaintiffs with respect to each of the Massachusetts Sites to the same extent that Home and Midland would have been obligated had they not become insolvent.”
The Massachusetts Insurers’ Insolvency Fund (“the Fund”) is a non-profit, unincorporated legal entity created and governed by G.L.c. 175D, §3. See Clark Equip. Co. v. Massachusetts Insurers Insolvency Fund, 423 Mass. 165, 166-67 (1996). The Fund is an association whose members consist of all licensed insurers writing the kinds of insurance covered by the Fund. The Fund pays for certain “covered claims” as defined in Chapter 175D, and obtains the monies needed to pay claims by assessing member insurers, who ultimately pass on the cost to the insurance-buying public. Id. at 167. A “covered claim” is defined as:
an unpaid claim, including one for unearned premiums, which arises out of and is within the coverage of an insurance policy to which this chapter applies issued by an insurer if such insurer becomes an insolvent insurer and
(a) the claimant or insured is a resident of the Commonwealth; or
(b) the property from which the claim arises is permanently located in the Commonwealth.
G.L.c. 175D, §1(2). Under Chapter 175D, the Fund is “deemed the insurer” to the extent of its obligation on the covered claims and shall have rights, duties and obligations of the insolvent insurer to such extent." G.L.c. 175D, §5(l)(b). Thus, although the Fund is not a party to any of the insurance contracts at issue, it is a proper defendant in a breach of contract suit for a “covered claim.”
Nonetheless, to the extent that the plaintiffs seek to recover from the Fund other traditional contract damages such as consequential damages, lost earnings, attorneys fees and litigation costs, such a claim must fail as a matter of law. Despite the §5 “deemed the insurer” provision, the Fund does not substitute for the insolvent insurer for all purposes. Rather, under Chapter 175D, the Fund is:
obligated to the extent of the covered claims against the insolvent insurer existing prior to the declaration of insolvency and arising within sixty days after the declaration of insolvency . . . but such obligation shall include only that amount of each covered claim which ... is less than three hundred thousand dollars.
G.L.c. 175D, §5(l)(a). The Fund’s legal obligation is limited by statute, and it is “deemed the insurer’ only for the purpose of permitting the insured to seek recovery of a ’’covered claim." See, e.g., Barrett v. Massachusetts Insurers Insolvency Fund, 412 Mass. 774, 776-77 (1992) (insured cannot recover Chapter 93A damages against the Fund). Cf. Commissioner of Ins. v. Massachusetts Insurers Insolvency Fund, 373 Mass. 798, 803-04 (1977) (fund not obligated to unpaid business creditors of insolvent insurer). Accordingly, the Fund cannot be liable in breach of contract to pay damages other than those amounts constituting a “covered claim” under chapter 175D.

ORDER

For the foregoing reasons, it is hereby ORDERED that the Fund’s motion for partial summary judgment on plaintiffs’ breach of contract claim be ALLOWED to the extent that the plaintiffs seek to recover contract damages other than those amounts constituting a “covered claim” under Chapter 175D.