Henry, Bruce R., J.
Before the Court are cross motions of the parties for summary judgment. The dispute among the parties concerns water rates being charged by the defendant to the plaintiffs. The plaintiffs assert that the defendant, since 2005, has been in breach of a written agreement by which the plaintiffs receive water from the Town of Hopedale. They assert claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of G.L.c. 93A, §11. The defendant has moved for summary judgment. The plaintiffs have opposed that motion and have countered with a cross motion for summary judgment. For the reasons which follow, the motion of the defendant for summary judgment is *345 ALLOWED and the cross motion of the plaintiffs is DENIED.
Background
The defendant, Town of Mendon (Mendon), is a municipal corporation which is authorized to operate a municipal water system. The authorizing legislation states that the water commissioners for Mendon “shall fix just and equitable prices and rates for the use of water . . .” The plaintiff, T. Bedrosian LLC (LLC), is a developer of residential properly which subdivided land on Dudley Road in Mendon to create 17 lots. The individual plaintiff residents (Residents) all live on Dudley Road in Mendon, within the LLC development.
On March 20, 2002, Mendon entered into an agreement with the Town of Hopedale (Hopedale) entitled “AGREEMENT FOR THE SALE AND PURCHASE OF WATER” (2002 Agreement). That agreement was part of the resolution of an earlier lawsuit filed by the LLC regarding Hopedale’s failure to provide water to the development. Mendon was also a defendant in the earlier lawsuit. The 2002 Agreement called for Hopedale to sell and for Mendon to buy water for up to seventeen dwellings in the LLC’s development. (2002 Agreement, 411.) The 2002 Agreement indicated that the LLC would be considered a third-party beneficiary of the agreement.
The 2002 Agreement set forth the formula by which the charges were to be determined for the water sold by Hopedale to Mendon. (2002 Agreement, ¶¶3 and 4.) The 2002 Agreement does not specify any rates to be charged to the Residents or the LLC for the water which they use.
Mendon provides water to another area of the town near Route 140 which contains 138 properties through water purchased from Hopedale pursuant to an agreement captioned “AGREEMENT FOR THE SUPPLY OF WATER" which is dated May 16, 2005 (2005 Agreement). Before that agreement, Mendon supplied water to that area of the town from a source other than Hopedale. The rate which Mendon pays for water under the 2005 Agreement is higher than it pays for the water supplied pursuant to the 2002 Agreement.
Mendon calculates the rates it uniformly charges to all its customers on the basis of operating the Mendon public water system. Such costs include: obtaining water from other municipalities; maintaining pipes, valves and other infrastructure located within Mendon; meter reading; testing; and administration. (Affidavit of Timothy J. Watson.)
After the 2005 Agreement was entered into, Mendon adopted new uniform rates for all of its customers, which took into account the cost of obtaining water under both the 2005 Agreement and the 2002 Agreement.
Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that it is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). All evidence must be viewed in the light most favorable to the non-moving party. Williams v. Hartman, 413 Mass. 398, 401 (1992).
Discussion
The plaintiffs contend that Mendon has breached the terms of the 2002 Agreement by charging them a higher rate for the water they use than they should be paying under their view of that agreement. The terms of the 2002 Agreement are clear and unambiguous as to what Mendon was to pay for the water provided by Hopedale pursuant to that agreement. The Affidavit of Attorney Alan Greenwald attempts to place a gloss upon the 2002 Agreement which is not specifically contained therein. To the extent his affidavit seeks to alter the clear terms of the 2002 Agreement, I disregard it. Such evidence not contained in the contract itself may not supplement or vaiy or contradict the terms of the agreement where, as here, those terms are unambiguous. Mass. Mun. Wholesale Electric Co. v. Town of Danvers, 411 Mass. 39, 48 (1991). I note, however, that Atty. Greenwald indicates that an attempt by the LLC to place into the 2002 Agreement some guarantee about what the residents of the development would be charged for the water was not successful and that the attorney for Mendon specifically refused to make any commitment other than to charge just and equitable rates. The 2002 Agreement does not specify what rates are to be charged to the Residents or the LLC by Mendon for the water purchased under that agreement. Nor are there any limitations in the 2002 Agreement on Mendon’s discretion to calculate the rates it would charge the users of the water it purchased from Hopedale.
As the plaintiffs have not shown that they have a reasonable expectation of proving a breach of contract, Mendon is entitled to summary judgment on that aspect of the plaintiffs’ claims.
For similar reasons, Mendon is entitled to summary judgment on the plaintiffs’ claim of a breach of the implied covenant of good faith and fair dealing.
Every contract is subject to an implied covenant of good faith and fair dealing. Kerrigan v. Boston, 361 Mass. 24, 33(1972). The purpose of the covenant “is *346 to guarantee that the parties remain faithful to the intended and agreed expectations” of the contract, Uno Restaurants, Inc. v. Boston Kenmore Realty Corp., 441 Mass. 376, 385 (2004), and to ensure that “neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.” Anthony’s Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471-72 (1991), quoting Druker v. Roland Wm. Jutras Assocs., 370 Mass. 383, 385. The covenant “may not... be invoked to create rights and duties not otherwise provided for in the existing contractual relationship.” Uno Restaurants, Inc. v. Boston Kenmore Realty Corp., supra at 385. “The scope of the covenant is only as broad as the contract that governs the particular relationship.” Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 385, cert. denied sub nom. Globe Newspaper Co. v. Ayash, 546 U.S. 927, 126 S.Ct. 397, 163 L.Ed.2d 275 (2005).
Liss v. Studeny, 450 Mass. 473, 477 (2008).
The contract between the towns was entered into to ensure that the new development had a source of water into the future. The parties contracted to sell and buy water for the benefit of the residents of the development. That purpose continues to be met as there is no contention that the plaintiffs have been deprived of water. The contract does not contain any provision for what the recipients of the water will pay the Town of Mendon for that water. The right which the plaintiffs say they have to pay only a certain price for that water is not one which is provided for in the contract. As there is no reasonable expectation that the plaintiffs will be able to show that Mendon has done anything to destroy or impair their rights under the contract, Mendon is entitled to summary judgment on the plaintiffs’ claim of breach of the implied covenant of good faith and fair dealing.
Finally, Mendon is entitled to summary judgment on the plaintiffs’ claim pursuant to G.L.c. 93A. “Whether a governmental entity is ever amenable to suit under c. 93A remains an open issue . . . The question is controversial because c. 93A contains no explicit indication that governmental entities are to be liable under its provisions . . . Both §11 and §9 of c. 93A require that the defendant be a ‘person’ engaged in trade or commerce. ‘Person’ is defined in the statute as including ‘natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entity.’ G.L.c. 93A, §l(a). Although the term ‘person’ ordinarily is not construed as including the State or its political subdivisions, uncertainty exists because only a ‘person’ may bring suit under c. 93A and governmental entities have been considered to have standing to do so.” M. O’Connor Contracting, Inc. v. City of Brockton, 61 Mass.App.Ct. 278, 286 n.8 (2004) (citations omitted).
The cases do establish however that a municipality is not liable under Ch. 93A when it is engaged in governmental activity, rather than acting in a business context, that is, when it is not engaged in trade or commerce. Park Drive Towing, Inc. v. City of Revere, 442 Mass. 80, 86 (2004). “Whether a municipality is acting in a business context depends on ‘the nature of the transaction, the character of the parties involved and [their] activities and whether the transaction [was] motivated by business . . . reasons.’ ” Park Drive Towing, Inc., 442 Mass. at 86, quoting Boston Housing Authority v. Howard, 427 Mass. 537, 538 (1998).
In M. O’Connor Contracting, Inc., the city of Brockton entered into a construction contract with the plaintiff for the construction of a new municipal building. When a dispute arose between the parties, the city refused to pay the plaintiff the amount due on the contract, so the plaintiff sued the city under Ch. 93A. An arbitrator found the city liable under Ch. 93A and awarded damages, including punitive damages, to the plaintiff. The Appeals Court ruled that the city was not engaged in “trade or commerce,” but was rather engaged in “performance of a governmental function, i.e., contracting for the construction of a municipal building to be used solely for municipal purposes.” 61 Mass.App.Ct. at 285. See also All Seasons Services, Inc. v. Commissioner of Health and Hospitals of Boston, 416 Mass. 269, 271 (1993) (hospital operated by a municipal board not engaged in “trade or commerce” in soliciting bids and awarding contracts for food and vending services at its facility); Peabody N.E., Inc. v. Town of Marshfield, 426 Mass. 436, 439-41 (1998) (Town not engaged in “trade or commerce" where it contracted with plaintiff pursuant to administrative order regarding waste treatment and where the town’s waste treatment facility was not a “profit-making operation”); Boston Housing Authority v. Howard, 427 Mass. 537, 538-39 (1998) (defendant authority, which administers public housing and is the landlord of the premises leased to tenant, not engaged in “trade or commerce”); Morton v. Town of Hanover, 43 Mass.App.Ct. 197, 205-06 (1997) (neither the town nor its board of public works was engaged in “trade or commerce” with respect to the surcharge that the board assessed to water users in the area of a new water main for the cost of the main).
Here, Mendon is engaged in the provision of water to its residents, a legislatively authorized governmental activity. In contracting for that water and in setting the rates it would charge its residents for that water, the Town was not engaged in “trade or commerce” as those terms have come to be understood. Mendon is, therefore, entitled to summary judgment on the final claim brought by the plaintiffs.
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is ALLOWED and the plaintiffs’ cross motion for summary judgment is DENIED. Judgment shall enter for the defendant dismissing the complaint of the plaintiffs.