Fremont-Smith, Thayer, J.
This action arises out of a dispute between the plaintiff, Colantonio, Inc. (“Cl”), and the Fitchburg Housing Authority (“FHA”) over the performance of an alleged construction contract to convert a ten-stoiy residential apartment building from subsidized senior housing into a combination senior housing/subsidized assisted living facility (“the Proj ect”). Cl alleges that the FHA entered into a written contract with Cl, that the FHA fraudulently induced Cl to do so by representing to Cl that the proper funding was in place while knowing that such funding was not secured, and that the FHA breached its contract with Cl by failing to pay Cl $1,216,376 for labor and materials supplied to the Project. Cl has also brought a claim of quantum meruit, in the alternative, alleging that it has performed work for the FHA on the Project having a fair market value of $1,857,900 and that the FHA has paid Cl $641,524, leaving $1,216,376 still due. Cl further alleges that the FHA’s conduct constitutes an unfair and deceptive business practice pursuant to G.L.c. 93A. Cl now moves for summary judgment on the basis that there are no material questions of fact and that the FHA has admitted to all of the facts necessary to establish liability on all of Cl’s claims. After hearing, and for the following reasons, Cl’s motion for summary judgment is DENIED.
DISCUSSION
Legal Standard
Summary judgment shall be granted where there are no genuine issues of any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Summary Judgment Analysis
Cl asserts that summary judgment in its favor is warranted because there are no material facts in dispute and the FHA has admitted to all facts necessary to establish liability on its breach of contract, quantum meruit, and Chapter 93A claims. Based on the summary judgment record, however, there are a number of factual issues in dispute. These include, but are not limited to: the extent of Cl and the FHA’s knowledge of the status of the funding for the Project at the time the contract was formed; whether, both before and after suspension of the Project, Cl took on-site delivery of substantial quantities and types of materials with the effect or intention of inflating its payment applications; how much work Cl was authorized to perform, and whether a valid contract was entered into. As a result, summary judgment in favor of Cl on its breach of contract claim would be inappropriate at this time.[2]
Although the FHA has not filed a cross motion, it argues in its opposition to Cl’s motion that it is entitled to summary judgment on Cl’s quantum meruit claim because Cl entered into a contract with the FHA, a public entity, without ensuring that proper authority existed for the contract and proceeded at its own risk. The FHA contends that it had no authority to enter into a contract where it did not have the funds to pay for that contract.
A party who enters into a contract with a public entity without ensuring that proper authority exists for that contract does so at its own risk. Potter & McArthur, Inc. v. Boston, 15 Mass.App.Ct. 454, 459 (1983). “Furthermore, ‘a party cannot evade the statutory limitations on a municipality’s contracting power by rendering services and subsequently seeking recovery based on alternative theories, such as quantum meruit.’ ” Baltazar Contractors, Inc. v. Lunenburg, 65 Mass.App.Ct. 718, 724 (2006), quoting Park Drive Towing, Inc. v. Revere, 442 Mass. 80, 83 n.7 (2004). A party cannot recover on the theory of quantum meruit if statutory requirements for municipal contracts have not been followed. Id., citing Park Drive Towing, Inc., *306 442 Mass. at 83. Here, plaintiff alleges that the FHA never acquired the requisite funding for the Project, which raises an issue as to whether the statutory requirements for this municipal contract were observed. Massachusetts law provides that pursuant to G.L.c. 44, §31C, no contract for construction on a public building costing more than $2,000 “shall be deemed to have been made until the auditor or accountant or other officer of the city or town having similar duties has certified thereon that an appropriation the amount of such contract is available therefor,” and it is not clear whether any certification by FHA in this regard was made. Accordingly, it is premature to dismiss plaintiffs quantum meruit claim on summary judgment, as “a contractor with a public authority ‘may recover in quantum meruit,’ if he can prove both substantial performance of the contract and an endeavor on his part in good faith to perform fully.” Peabody N.E., Inc. v. Marshfield, 426 Mass. 436, 442 (1998). Quantum meruit recovery may be had, then, if plaintiff establishes that a valid contract existed.
Summary judgment in FHA’s favor on CI’s Chapter 93A claim, however, is warranted. Mass.R.Civ.P. 56(h). In order to recover under Chapter 93A, the plaintiff must prove that the defendant engaged in unfair and deceptive trade practices in the conduct of trade or commerce. “Engaging in ‘trade or commerce’ in turn requires a party to act ‘in a business context.’ ” Boston Housing Authority v. Howard, 427 Mass. 537, 539 (1998), citing Peabody N.E., Inc. v. Marshfield, 426 Mass. 436, 439 (1998). A public housing authority operating pursuant to its legislative directive of providing housing to low-income individuals, however, does not act in a business context. Boston Housing Authority, 427 Mass. at 539. In the present case, there is no material factual dispute regarding whether the FHA was acting under this legislative mandate to provide low-income housing to the public. As such, Cl cannot establish that the FHA was acting in a business context and summary judgment in favor of the FHA on Cl’s claim for violations of Chapter 93A will be allowed.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiff Colantonio Inc.’s Motion for Summary Judgment is DENIED, without prejudice to its being renewed after discovery is complete. Summary judgment in favor of defendants FHA and its commissioners and executive director is ALLOWED on Count III of plaintiffs complaint.

 The Court also notes that, based on the amended pleadings, Cl’s motion for summary judgment is premature, as little or no discovery has been conducted at this point. It appears that Cl’s motion was filed after the FHA filed an answer essentially admitting to many of Cl’s allegations. With the Court’s approval, the FHA has since amended its answer, which raises disputed issues that must be fleshed out in discovery.